JaGOTHARD, Judge.
Appellant Carolyn Van Burén appeals a January 31, 1996 judgment of the district court dismissing her motion to be recognized as an heir of the late Francis M. Pruitt. Van Burén appeals, raising one assignment of error, namely that the trial court erred in concluding that Mrs. Van Burén had not met her burden of proof.

FACTS

Francis Pruitt was bom on August 3,1919 in Tipton, Tennessee by midwifery.[1] She never married and had no children. For twenty years she lived at 2662-1/2 New Orleans Street in Harvey. She worked for the State of Louisiana, retiring on a state pension in August of 1992. Throughout these years, her niece Carolyn Curie Smith Van Burén of Memphis would come to New Orleans for Thanksgiving and Mardi Gras, visiting and staying with her “Aunt Francis” and ^Francis would visit and stay with Carolyn twice a year. When Carolyn divorced Mr. Smith, she and her child lived with Francis Pruitt until Carolyn remarried a few years later. Francis Pruitt and Carolyn had a joint checking account together and Carolyn was the named beneficiary on her life insurance policy. She also must have been named on Pruitt’s retirement benefits because the State Employees Group Retirement Plan copied Carolyn on a letter to the “Estate of Francis Pruitt” at the Orleans Street address. The letter contained information about how to claim a balance in Ms. Pruitt’s retirement account.
Francis Pruitt died on February 1, 1993. Carolyn Van Burén had visited her in the hospital for the last time two weeks before Miss Pruitt’s death. At the time of her death, Ms. Pruitt was living with a Mend, Lillian Rankins.
Carolyn received a letter from the state retirement fund informing her that there was a balance of $12,333.82 left in Francis Pruitt’s account and that:
It will be necessary for you to have the lawyer who is handling her estate write us a letter along with a copy of the late Ms. Pruitt’s death certificate so that we may make payment of the benefits due the estate.
Van Burén hired an attorney and drafted and executed various paperwork preparatory to opening the succession. When counsel for Van Burén went to the courthouse to open the succession proceedings, he discovered that Francis Pruitt’s succession had already been opened; and that both Lillian Rankins and Nancy Boyland had been placed in possession. The Rankins-Boyland petition for possession recites that Nancy Boyland is the person opening the succession, that she is Frances Pruitt’s only heir and is verified by Nancy Boyland’s X with Lillian Rankins’ signature underneath. The descriptive list indicates the retirement system funds as Ms. Pruitt’s only asset. The affidavit of death and heirship was executed by Lillian Rankins and Nancy Boyland. Also contained in the record is an affidavit |4by Nancy Boyland stating that her health is rapidly deteriorating, that she can no longer sign her name, that she can only make an X and that she has given a power of attorney to Rankins. All of the succession documents, including the judg *105 ment of possession were filed on the same day, August 19, 1994. The death certificate, with information supplied by Rankins, lists Jenny Boyland as Miss Pruitt’s mother.
A motion to recognize Van Burén as Pruitt’s heir was filed on June 5, 1995. At the hearing on the motion, Van Burén testified that the death certificate is incorrect when it states that Pruitt’s mother was Jenny Boyland. Van Burén testified that Pruitt’s mother was Emma Macklin. Emma Macklin had two children, Francis Pruitt and Pearlie May Curie, who was Van Buren’s mother. Van Burén also testified that Nancy Boyland was Emma Maeklin’s sister and Pruitt’s aunt. Van Burén denied any knowledge of Jenny Boyland.
Gladys Robinson had been a co-worker and friend of Ms. Pruitt’s for ten years. She testified that Van Burén was Pruitt’s niece and Nancy Boyland was Pruitt’s aunt.
Nancy Holmes lived next door to Ms. Pruitt on New Orleans Street for twenty years. She testified that Nancy Boyland raised Ms. Pruitt.
Lisa Jean Picket testified that she worked with Ms. Pruitt at Child Protection in 1988 and that they were friends and identified with each other because they were both only children.
Marie Stallworth testified that she had been ftiends with Ms. Pruitt for ten years. Stallworth testified that Pruitt told her that she was an only child, that Nancy Boyland was her mother’s sister, and that Nancy Boy-land was her only living relative.
l»A-t the conclusion of the hearing on the motion, the trial court rendered judgment finding that Carolyn Van Burén had not met the burden of proof necessary to be recognized as an heir of Francis Pruitt.

DISCUSSION

The standard of appellate review of facts is manifest error. “In reviewing the factual findings of a trial court, an appellate court is limited to a determination of manifest error.” Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), on remand 370 So.2d 1262 (La.App. 3 Cir.1979), writ denied 374 So.2d 660 (La.1979); Rosell v. ESCO, 549 So.2d 840 (La.1989), on remand 558 So.2d 1360 (La.App. 4 Cir.1990), writ denied 561 So.2d 105 (La.1990); Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert, denied 93-933 (U.S.La., 2/22/94), 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379, 62 USLW 3544, 62 USLW 3551.
The essential issue of this case is the credibility of witnesses. The trial court judge, who observes the demeanor of the witnesses first hand is in a better situation to make such a determination. We cannot conclude that his determination, based as it is upon the first-hand assessment of the witnesses, is manifestly erroneous. Based upon the evidence and the record before us, we cannot conclude that the trial judge was manifestly erroneous in his factual determinations. We therefore agree with the trial court’s conclusion that appellant failed to meet her burden of proof.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.

. Apparently, Ms. Pruitt either never had a birth certificate or appellant failed to procure one. Presumably any brothers or sisters she may have had either never had birth certificates or appellant failed to procure those also. There is no evidence in the record indicating that Tennessee birth records were searched.