WICKER, J.
In this succession proceeding, defendants, Darlene Gore Bremerman and Tammy Gore, biological children of the decedent, appeal the trial court’s judgment declaring plaintiff, Robert M. Gore, Jr., the adopted son and legal heir of the decedent. The succession administratrix has filed a motion to dismiss the appeal. For the following reasons, we find this Court lacks appellate jurisdiction as the judgment appealed is not a final, appealable judgment. We therefore grant the succession administratrix’s motion to dismiss, dismiss this appeal without prejudice, and remand the matter to the trial court for further proceedings.
FACTUAL AND PROCEDURAL BACKGROUND
This succession proceeding has been the subject of three previous writ dispositions issued by this Court. In Succession of Claudette Barrilleaux Gore, 15-576 (La. App. 5 Cir. 12/9/15) (unpublished writ disposition), this Court set forth the following pertinent facts:
On May 1, 2014, Robert M. Gore, Jr. filed a Petition for Appointment of Succession Administrator, wherein he claimed to be the adopted son of the decedent and asked the trial court to appoint Joann Chatelain as administra-trix of the decedent’s succession. On June 12, 2014, relators [Darlene Gore Bremerman and Tammy Gore] filed an Exception of No Right of Action, arguing that Mr. Gore was never adopted by the decedent and therefore had no right to open the decedent’s succession or petition the trial court for the appointment of a succession administrator. In his opposition to relators’ exception, Mr. Gore filed a copy of his birth certificate wherein the decedent’s name appears as his mother. Mr. Gore also filed a copy of a Petition for Possession, Affidavit of Death and Heirship, and a Judgment of Possession filed in the succession proceedings of Robert M. Gore, Sr., his alleged adoptive father. In those succession filings, Mr. Gore and the decedent both averred that Mr. Gore was the adoptive son of Robert M. Gore, Sr. The trial court denied relators’ Exception of No Right of Action, and both this Court and the Louisiana Supreme Court declined to exercise supervisory jurisdiction over the trial court’s denial. See Succession of Gore, 14-667 (La. App. 5 Cir. 10/28/14) (unpublished writ disposition), writ denied, 14-2505 (La. 2/27/15), 160 So.3d 984.
On August 25, 2015, the succession administratrix filed the petition at issue in relators’ instant writ application. Re-lators opposed the petition, again challenging Mr. Gore’s status as an heir, and thus his right to nominate the succession administratrix, and arguing that the issue of Mr. Gore’s heirship must be resolved by a trial on the merits before the trial court could consider the succession administratrix’s petition. On August 31, 2015, the trial court granted the succession administratrix’s petition and denied relators’ request to stay judgment on the petition until a trial on the merits of Mr. Gore’s heirship. Relators’ timely application for supervisory writs followed. Subsequent to relators filing *575 their writ application, the trial court ordered a trial on the merits to determine Mr. Gore’s heirship, which is scheduled for January 12, 2016.
In light of the dispute regarding Mr. Gore’s heirship and the impending trial on the merits of that dispute, this Court vacated the trial court’s August 31, 2015 order authorizing the succession adminis-tratrix to dispose of succession property and ordered the stay of any further disposal of succession property until Mr. Gore’s status as an heir was resolved by a trial on the merits.
At the outset of the January 12, 2016 trial,-plaintiffs counsel offered the following limitation regarding the issues to be adjudicated:
I would like a clarification on the record today that the sole issue to be tried is the issue of whether or not Robert M. Gore is a legal heir of the decedent Claudette Barilleaux Gore. All the other issues regarding the succession that may be pending before the Court or have been brought up in the past, including but not limited to the accounting provided by the mandatary, the conversion of the alleged conversion of succession assets [sic], and any other claims and rights that the Administratrix may have, are specifically reserved to be tried at a later date.
Defense counsel replied that defendants had no objection to such a limitation and the trial judge agreed to limit the trial as requested.
At the conclusion of the trial, the trial judge recessed, and thereafter the trial judge’s civil clerk stated on the record that a copy of the written judgment was given to each party. The written judgment stated, in pertinent part: “IT IS ORDERED, ADJUDGED, and DECREED that Robert M. Gore, Jr., is the adopted son of the decedent Claudette Barilleaux Gore, and is, therefore, a legal heir to this succession.”
On January 20, 2016, the defendants filed a motion for new trial, which the trial court denied on January 25, 2016. On February 5, 2016, the defendants filed a notice of intention to apply for supervisory writs with this Court. On February 25, 2016, the defendants filed a motion for devolutive appeal, citing a minute entry from January 12, 2016, characterizing the trial court’s judgment as a “final judgment.”
The succession administratrix opposed the defendants’ writ application, arguing that the trial court’s judgment was a final, appealable judgment and moved this Court to convert the defendants’ writ application to an appeal to be consolidated with the instant appeal. On May 31, 2016, this Court declined to exercise supervisory jurisdiction over the defendants’ writ "application and denied the succession admin-istratrix’s motion to convert the writ application to an appeal, finding that the trial court’s January 12, 2016 judgment considered only one of multiple claims raised in the succession proceeding. See Darlene Bremmerman Gore and Tammy Gore v. Robert M. Gore, Jr., 16-198 (La. App. 5 Cir. 5/31/2016) (unpublished writ disposition).
LAW AND ANALYSIS
The succession administratrix has filed a motion to dismiss the instant appeal, arguing that the trial court’s January 12, 2016 judgment is not a final appealable judgment.
This Court cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment. Input/Output Marine Sys. v. Wilson Greatbatch Techs. Inc., 10-477 (La.App. 5 Cir. 10/29/10), 52 So.3d 909, 915. La. C.Cr.P. art. 1915(B) provides, in pertinent part:
*576 (1) When a court renders a partial judgment ... as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, [or] reconventional demand ... the judgment shall not constitute a final judgment unless it is designated a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to the rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
Upon review of the record, we find that the judgment appealed is not a valid, final judgment and, therefore, this Court lacks jurisdiction to consider the merits of defendants’ appeal. While the January 12, 2016 judgment decreed Robert M. Gore, Jr.’s status as an adopted son of the decedent and legal heir to her succession, it did not dispose of any other claims set forth by the parties to this succession proceeding.
 The written judgment contains no determination and designation by the trial court that the judgment was final for purposes of immediate appeal pursuant to La. C.C.P. art. 1915(B). Though a minute entry for January 12, 2016 reflects that the trial court “issued a final judgment to each party in open court,” the record is devoid of any such designation of the judgment. Where a conflict exists between the minute entry and the judgment the judgment prevails. Tracie F. v. Francisco D., 15-224 (La.App. 5 Cir. 9/21/15), 174 So.3d 781, 786 n. 5.
Since the trial court rendered a partial judgment as to less than all of the claims of the parties, and the judgment has not been designated as a final judgment by the trial court after an express determination that there is no just reason for delay, the January 12, 2016 judgment is not a final judgment under La. C.C.P. art. 1915, and is not appealable as one “... in which appeals are given by law” under La. C.C.P. art. 2083. Claiborne Medical Corp. v. Siddiqui, 12-759 (La.App. 5 Cir. 2/28/13), 113 So.3d 1109, 1112; Laviolette v. Dubose, 07-916 (La.App. 5 Cir. 3/25/08), 983 So.2d 160, 162.
DECREE
Accordingly, we grant the succession administratrix’s motion to dismiss, dismiss this appeal without prejudice, and remand the matter to the trial court for further proceedings.
APPEAL DISMISSED; CASE REMANDED