CHAISSON, J.
h Darlene Gore Bremermann and Tammy Gore appeal an amended judgment of the trial court which recognized their brother, Robert Mack Gore, Jr., as a son and legitimate heir of their mother, Claudette Barilleaux Gore. For the following reasons, we amend the judgment of the trial court and affirm that judgment as amended.
FACTS AND PROCEDURAL HISTORY
Robert Mack Gore, Jr. (“Robert, Jr.”) was born on March 10,1970, at Sara Mayo Hospital in New Orleans, Louisiana. The birth certificate filed on March 20, 1970, lists Robert Mack Gore, Sr. (“Robert, Sr.”) as his father, and. Claudette Barilleaux Gore as his mother. Robert, Jr. was raised in the Gore household with two sisters, Darlene and Tammy, Claudette’s biological daughters from a previous marriage, who were adopted by Robert, Sr. upon his marriage to Claudette. Robert, Sr. and Claudette always held Robert, Jr. out to the world as their biological child. However, according to Robert, Jr., on his eighteenth birthday he was told by his parents that he was not their biological child, but rather the biological child of Robert, Sr.’s sister, Donna Boren, and that Robert, Sr. and Claudette had agreed to adopt and raise him as their own child. Until, this revelation, Robert, Jr. had no, indication that he may not be the biological child of Robert, Sr. and Claudette, and he had no knowledge of the alleged alternative circumstances of his birth. Likewise, according to Darlene, Robert,. Jr.’s sisters had no knowledge that he may have been adopted until their parents revealed this information to them when they were adults. Following this revelation, the filial relationship of Robert, Jr. to his parents continued until the deaths of Robert, Sr. and Claudette.
Robert, Sr. died intestate on January 30, 1994. Shortly thereafter, in April of 1994, Claudette, Darlene, Tammy, and Robert, Jr. jointly filed a Petition' for | ¡Possession and an Affidavit of Death and Heirship in Robert, Sr.’s succession, wherein the parties recognized Claudette as Robert, Sr.’s, surviving spouse and Darlene, Tammy, and Robert, Jr. as his only children and heirs. The Affidavit of Death *630 and Heirship, executed by Claudette and Robert, Jr., alleged that all three children were adopted by Robert, Sr. At that time, no one disputed Robert, Jr.’s status as an heir of Robert, Sr., nor did anyone challenge the allegation that he is the adopted son of Robert, Sr. After obtaining a Judgment of Possession for Robert, Sr.’s succession, the three children executed a donation inter vivos whereby they donated their rights, title and interest in Robert, Sr.’s property to their mother, Claudette.
Claudette, who never remarried, died intestate on March 8, 2013. On May 1, 2014, Robert, Jr. filed a Petition for the Appointment of Succession Administrator, which stated that he, Darlene, and Tammy are the sole heirs of Claudette, and alleged that Darlene and Tammy were converting Claudette’s assets and funds, living in her home, and refusing to communicate with Robert, Jr. or allow him access to the home to recover his personal property. He also requested that Joann Chatelain, Claudette’s sister-in-law, be appointed adminis-tratrix of the succession and that, following an accounting of the estate finances and assets, the three children be placed in possession of their respective shares of the estate.
On June 12, 2014, Darlene and Tammy filed an Exception of No Right of Action, arguing that Robert, Jr. was never formally adopted by Claudette and therefore had no right to open her succession or petition the trial court for the appointment of a succession administrator. In response to the exception, Robert, Jr. filed a certified copy of his birth certificate which lists Claudette as his mother; he also filed records from the succession proceedings of Robert, Sr., wherein Claudette averred that Robert, Jr. was their adopted son. Following a trial on the exception, the trial court entered a judgment overruling the exception of no right of | saction. In written reasons for judgment, the court took judicial notice of the appearance of Claudette’s name on Robert, Jr.’s birth certificate, that Darlene and Tammy appeared as co-petitioners in Robert, Sr.’s succession proceedings, and that Robert, Jr. was raised as Robert, Sr.’s own child. The court considered the birth certificate prima fade evidence of filiation, and noted that Darlene and Tammy presented no positive evidence to controvert the birth certificate. Darlene and Tammy sought supervisory writs from the trial court’s judgment overruling the exception of no right of action. Both this Court and the Supreme Court denied writs.[1]
Subsequently, in response to a petition filed by Ms. Chatelain, the trial court issued an ex-parte order authorizing her, as administratrix, to take various actions on behalf of the estate; particularly, to establish a succession checking account, to close Claudette’s bank accounts and transfer the monies to the new account, to sell various stocks, bonds and investments, and to pay various debts of the estate. Upon writ application of Darlene and Tammy, this Court vacated the ex-parte order of the trial court and ordered “the trial court to refrain from ruling on the administratrix’s petition until Mr. Gore’s status as an heir is determined by a trial on the merits,” and further ordered “the stay of any further expenditure, sale, or disposal of succession assets and property until Mr. Gore’s status as an heir is determined by a trial on the merits.”[2]
*631 At the beginning of the trial held on January 12, 2016, all parties stipulated that the only issue to be determined was Robert, Jr.’s status as Claudette’s heir. In support of his position that he is a legitimate heir of Claudette, Robert, Jr. offered into evidence his certified birth certificate listing Claudette as his mother and Robert, Sr. as his father. Robert, Jr. argued that the certified birth certificate was \ ¿prima, facie evidence of the information contained therein, thus creating a presumption that he is a legitimate heir of Claudette, and that the burden was on his sisters to prove otherwise. To the contrary, Darlene and Tammy argued that the burden was on Robert, Jr. to produce a judicial decree of adoption in order to-prove his status as a legitimate heir of Claudette.
At the conclusion of trial, at which very limited evidence was introduced, the court entered a judgment recognizing Robert, Jr. as the adopted son of Claudette and as a legal heir of the succession. Darlene and Tammy filed a motion for new trial, which was denied. They then filed an appeal, which this Court dismissed because the judgment was an interlocutory judgment, rather than a final one.[3] Subsequently, the trial court amended its judgment and certified it as final, and it is from this amended judgment that Darlene and Tammy now appeal.
On appeal, Darlene and Tammy raise four assignments of error:
1) Outside of its authority and jurisdiction, the District Court bestowed a status upon the Petitioner when there was no claim that a Judicial Decree of Adoption exists and none was produced;
2) The District Court failed to recognize the burden required by a litigant pleading adoption in a right of action—a judicial adoption may only be proven by producing the Judicial Decree of Adoption;
3) The District Court considered Parol Evidence to support a finding of legal adoption of the Petitioner by the decedent;
4) The District Court allowed the expropriation of succession funds, via ex-parte motion, before legal heir-ship was settled via a trial on the merits, in violation of La. C;C.P. art. 3097, and those funds have not yet been returned to the succession.
As Robert, Jr. has correctly noted, the fourth assignment of error raises an issue which forms no part of the trial court’s judgment following the trial at which both parties stipulated that the sole issue to be determined was Robert, Jr.’s status as an heir of Claudette. Because this last assignment of error is not properly before us, we will not consider it in the course of our en globo discussion below.
J^DISCUSSION
Based upon instructions from this Court in its prior writ disposition, and the stipulation of the parties at the commencement of the trial, the only issue before the court at the trial of this matter was Robert, Jr.’s status as an heir of Claudette. “In the absence of valid testamentary disposition, the undisposed property of the deceased devolves by operation of law in favor of his descendants, ascendants, and collaterals, by blood or by adoption ...” in the particular order established by the Civil Code. La. C.C. art. 880. The CM Code establishes that the first class of heirs is descendants, who, should there be any who survive the deceased, succeed to the property of their ascendant to the exclusion of other potential, secondary *632 classes of heirs. See generally, La. C.C. art. 888, et seq. Therefore, since Claudette died leaving children who survived her, the question for the trial court was whether or not Robert, Jr. is one of those children.
Filiation is the legal relationship between a child and his parent, and it is established by proof of maternity or paternity or by adoption. La. C.C. arts. 178 and 179. Whether a person, is related by blood or adoption to the decedent and therefore a legal heir is a question of fact. Succession of Gussman, 288 So.2d 665, 668 (La. App. 3 Cir. 1974), The standard of appellate review of facts is manifest error. Succession of Pruitt, 96-534 (La.App. 5 Cir. 1/15/97), 688 So.2d 103, 105.
In order to prove that Claudette is his mother, Robert, Jr. introduced into evi: dence his certified birth certificate, which shows that his mother is Claudette Baril-leaux Gore. “Except for delayed or altered certificates, every original certificate on file in the vital records registry is prima facie evidence of the facts therein stated.” La. R.S. 40:42(A). Therefore, Robert, Jr.’s birth certificate is prima facie evidence that Claudette is his mother, and the burden of proof is on the opponent of the certificate to establish that she is not his mother. Since filiation is established by proof of maternity or by adoption, Darlene and Tammy had the Rburden of proving that Claudette was not Robert, Jr.’s birth mother or his adoptive mother. In order to prove that Claudette is not Robert, Jr.’s adoptive mother, Darlene and Tammy pointed to the absence of a judicial decree of adoption and correctly argued that Robert, Jr. should be required to produce one. This, he was unable to do. We therefore find that the trial court was manifestly erroneous in its factual conclusion that Robert, Jr. is the adopted son of Claudette, and therefore erred including this declaration in its judgment. We therefore amend the judgment to delete the declarar tion that Robert, Jr. is the adopted son of Claudette.
■ However, establishing that Robert, Jr. is not the adopted son of Claudette only satisfied half of Darlene and Tammy’s burden of proof; The other half-of them burden was to establish that Claudette is not Robert, Jr.’s biological mother, and this they failed to do. Although Robert, Jr. referred to himself as adopted in his petition to open this succession, he clearly testified at trial that he was simply told this information, along with the circumstances of his birth, by his parents, both of whom are now deceased. In establishing that he .has no personal knowledge of this information, he testified at trial regarding the identity of his birth mother that “I was told it was my—I mean I don’t know, I was—I was born; I don’t know,” and that “anything I can say is just that I was told that it was my aunt.” Common sense dictates that no individual, including Robert, Jr., has personal, first-hand knowledge of the identity of his birth mother, or the circumstances of his birth, but rather only acquires this second-hand knowledge later in life through what he is told, or from official birth récords. Therefore, Robert, Jr’s mere repetition of information that he. was told, by persons who are now deceased and cannot be called to testify, and of which he is precluded from having personal knowledge; is not competent evidence to establish that Claudette is not his birth mother. As Darlene and Tammy themselves argued in their Exception of No Right of Action, Robert, Jr.’s allegation that he is adopted is “a conclusion of the Pleader and ^becomes a mere brutum ful-men [i.e., a legally ineffectual conclusion] in the absence of supporting facts or documents.”
In their Exception of No Right of Action, Darlene and Tammy recounted the alleged circumstances of Robert, Jr.’s *633 birth, based upon their “information and belief,” and claimed that they would establish that those events occurred at an evi-dentiary hearing.[4] However, at the hearing on the exception, no witnesses were called and no evidence was admitted to establish these alleged alternative circumstances of Robert, Jr.’s birth. At that hearing, Robert, Jr. correctly argued, as he continues to argue in the current trial, that his certified birth certificate is prima fade proof of the information contained therein. In its reasons for judgment for overruling the exception, the trial court stated that “ex-ceptors have come forward with no positive evidence to controvert the prima facie proof of filiation.” As previously stated, Darlene and Tammy’s writ application on this judgment was denied both by this Court and by the Supreme Court. Despite this clear admonition from the trial court regarding their burden of proof to overcome the prima fade proof contained in Robert, Jr.’s birth certificate, Darlene and Tammy have still failed to come forward with any such proof.
At the trial of this matter, Darlene and Tammy called no witnesses. Although Robert, Jr. did call Darlene under cross-examination, she did not testify regarding any knowledge that she may have regarding the alternative circumstances of Robert, Jr.’s birth, or how she may have acquired that information. She did, however, testify that it was not until she was an adult that she was told by her parents that Robert, Jr. was adopted, thus clearly establishing that she does not have personal, first-hand knowledge regarding the identity of Robert, Jr.’s birth mother or the circumstances of his birth. Basically, Darlene and IsTammy’s argument is that the secondhand recounted statements by their parents that Robert, Jr. is adopted are sufficient to establish that Claudette is not his birth mother, but they are not sufficient to establish that he was adopted by Claudette. We do not find these second-hand statements recounted from people who are now deceased as competent evidence to refute the prima fade proof contained in Robert, Jr.’s birth certificate that he is the son of Claudette. There was no manifest error in the trial court’s determination that Robert, Jr. is a son of Claudette, and we therefore affirm that portion of the trial court’s judgment that declares that Robert, Jr. is a legal heir to the succession of Claudette.
CONCLUSION
For the foregoing reasons, we amend the judgment of the trial court to delete the declaration that Robert, Jr. is the adopted son of Claudette, and we affirm the judgment as amended to declare that Robert, Jr. is a legal heir to the succession of Claudette.
AFFIRMED AS AMENDED

. Succession of Gore, 14-667 (La. App. 5 Cir. 9/5/14)(unpublished writ disposition), writ denied, 14-2505 (La. 2/27/15), 160 So.3d 984.

. Succession of Gore, 15-576 (La. App. 5 Cir. 9/17/15)(unpublished writ disposition).

. Succession of Gore, 16-366 (La.App. 5 Cir. 9/22/16), 202 So.3d 573.

. Interestingly, prior to the commencement of these proceedings, Darlene had mailed an "Affidavit of Renunciation” to Robert, Jr. in jail, along with a hand-written note asking him to sign it, the effect of which would have been Robert, Jr.’s renunciation of any interest in Claudette’s estate in favor of Darlene. The affidavit which Darlene had prepared alleged that "Robert, Jr. is the son of Claudette.”